IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR208 |
| vs. | |
| WILLIS T. BROWN, II, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the Court on Defendant Willis T. Brown's Motion to Suppress (Filing No. 22). Defendant requests that the Court suppress all evidence, including statements, documents, tablets, computers, telephones, and thumb drives obtained as a result of the search of his home and seizure of his property on or about October 11, 2018.

An evidentiary hearing was held on September 25, 2019, at which time evidence was received and oral argument was heard. No witnesses testified at the hearing. A transcript has been filed and this matter is now ripe for disposition. (Filing No. 31.) For the reasons set forth below, the undersigned will recommend that the motion to suppress be denied.

## BACKGROUND

On October 10, 2018, Investigator Nathan Malicky ("Malicky") of the Nebraska State Patrol and FBI Cyber Crimes Task Force applied for a federal search warrant for Defendant's residence. (Ex. 1.) In support of the search warrant, Malicky submitted an affidavit averring that on August 9, 2018 and August 16, 2018, he used an undercover computer in an effort to intercept child pornography shared over peer-to-peer networks. (Ex. 1.) According to Malicky, through his investigation, he was able to identify IP address 98.161.61.87 as having files available for sharing

that might constitute child pornography. (Ex. 1.) In his affidavit, Malicky stated that he downloaded and viewed the files and confirmed that they depicted child pornography. (Ex. 1.) Believing that the IP address in question to be part of Cox Communications, Inc., Malicky "requested a Douglas County Attorney subpoena for subscriber information from Cox Communications, Inc." (Ex. 1.) According to his affidavit, on September 26, 2018, Cox advised Malicky that the IP address was leased to Defendant at his residence in Bellevue, Nebraska. (Ex. 1.)

A warrant for Defendant's address in Bellevue was issued on October 10, 2018. (Ex. 1.) The warrant was executed on October 11, 2018. (Ex. 1.) According to Defendant, during the search, officers seized documents, a Samsung tablet, an Apple iPad Mini, a Microsoft Surface Pro, an Apple Macbook, a Google Pixel, an iPhone, a Motorola phone, a desktop computer, and a thumb drive. ([Filing No. 23](#).) Defendant asserts that officers also obtained statements from him at that time. (*Id.*)

## DISCUSSION

Defendant argues that the search warrant was not supported by probable cause or reasonable suspicion because it relied upon an administrative county attorney subpoena and it is not apparent from the affidavit if the subpoena was properly executed. Under Nebraska law, "any county attorney may . . . require the production of records . . . which constitute or contain evidence relevant or material to the investigation or enforcement of the laws of this state when it reasonably appears that such action is necessary and proper." [Neb. Rev. Stat. § 86-2,112](#). A subpoena issued by a county attorney under § 86-2,112 may be served by any individual designated in the subpoena to serve it. [Neb. Rev. Stat. § 86-2,113](#). Section 86-2,113 further provides:

> [s]ervice may be made upon a domestic or foreign corporation, upon a partnership, upon a domestic or foreign limited liability company, or upon any other unincorporated association which is subject to suit under a common name, by delivering the subpoena to an officer, a managing or general agent, a member, or any other agent authorized by appointment or by law to receive service of process. The affidavit of the person serving the subpoena entered on a true copy thereof by the person serving it shall be proof of service.

*Id*.

Defendant argues that Malicky's affidavit fails to show whether the subpoena complied with the requirements of § 86-2,113. In his affidavit, Malicky averred that he "requested a Douglas County Attorney subpoena" for Cox Communications and as a result learned that the IP address in question was leased to [Defendant]." (Ex. 1.) Defendant complains that Malicky failed to indicate in his affidavit if a properly designated person served the subpoena, made personal delivery upon the proper individual at Cox Communications, or if the person serving the subpoena returned an affidavit documenting proof of service. According to Defendant, because it is unclear whether the subpoena was procured in accordance with the requirements of § 86-2,113, there is no properly obtained evidence connecting Defendant to the IP address or videos. Defendant's argument is unpersuasive.

The Eighth Circuit Court of Appeals has held that an individual does not have a reasonable expectation of privacy in subscriber information, including IP addresses and names. *See United States v. Suing*, 712 F.3d 1209, 1213 (8th Cir. 2013) (finding the defendant had no expectation of privacy in the government's acquisition of his IP address and name from third-party service providers). *See also United States v. Perrine*, 518 F.3d 1196-1204-05 (10th Cir. 2008) ("Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation"). The Eighth Circuit has further concluded that there is no reasonable expectation of privacy in files on personal computers that are accessible to others through the installation and use of peer-to-peer file sharing software. *See United States v. Stults*, 575 F.3d 834, 842 (8th Cir. 2009) (finding the defendant did not have a reasonable expectation of privacy in pornographic files that the government retrieved from his personal computer where the defendant used file-sharing software to make his files accessible to others).

The Eighth Circuit has also previously rejected an argument that an individual's constitutional rights were violated based on purported non-compliance with Neb. Rev. Stat. § 86-2,112. In *Suing*, the defendant asserted that two subpoenas issued by a county attorney to search the defendant's apartment were invalid because they were not issued in accordance with § 86-2,112. Upholding the validity of the search, the Eighth Circuit first stated that the defendant did not have a reasonable expectation of privacy in the government's acquisition of his IP address and name from third-party service providers. Further, the court found that the defendant's argument

regarding non-compliance with § 86-2,112 was "based on the flawed premise that a violation of state law necessarily equates to a violation of the federal constitution." *Suing*, 712 F.3d at 1213. The court emphasized that the proper focus in evaluating the validity of a search under the Fourth Amendment is whether the search was based on probable cause.

Probable cause to search exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). Probable cause determinations are based on the totality of the circumstances, and "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

In the situation at hand, the search was supported by probable cause. Malicky submitted an affidavit stating that on August 9, 2018 and August 16, 2018, he used an undercover computer to intercept child pornography. (Ex. 1.) Malicky was able to identify IP address 98.161.61.87 as having files that depicted child pornography. (Ex. 1.) Malicky reviewed the files and described their content in his affidavit. Malicky's description included the approximate ages of the children involved and the sexual acts depicted. (Ex. 1.) Following his review of the files, Malicky requested a subpoena for subscriber information from Cox Communications and was later advised by Cox that the IP address was leased to Defendant at his residence in Bellevue, Nebraska. (Ex. 1.) A record check revealed that the residence was owned by Defendant and further investigation and surveillance confirmed that Defendant was associated with the Bellevue residence. (Ex. 1.) The totality of the circumstances supports the conclusion that evidence of a crime would be found in Defendant's residence.

Although this issue was not briefed, due to Defendant's counsel not initially receiving the county attorney subpoena in discovery, Defendant's counsel also argued at the evidentiary hearing that the subpoena for IP information from Cox is invalid because it did not state the year it was signed. (TR. 4; Ex. 2.) Again, the undersigned finds this argument unpersuasive. As stated above, Defendant did not have an expectation of privacy in his IP address. Further, the year the document was signed is clear from the materials used to obtain the subpoena, as well as the information

received from Cox Communications. (Ex. 2.) This scrivener's error does not render the subpoena or subsequent warrant invalid.

Moreover, even if the date were not otherwise clear, the good faith exception to the exclusionary rule would apply. Evidence obtained in violation of the Fourth Amendment is ordinarily subject to exclusion, and cannot be used in a criminal proceeding. *United States v. Cannon*, 703 F.3d 407, 412 (8th Cir. 2013). However, an exception to the exclusionary rule occurs "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *United States v. Leon*, 468 U.S. 897, 920-21 (1984). There are four circumstances that preclude a finding of good faith:

> (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the issuing judge wholly abandoned his judicial role in issuing the warrant; (3) when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant is so facially deficient that no police officer could reasonably resume the warrant to be valid.

*United States v. Fiorito*, 640 F.3d 338, 345 (8th Cir. 2011) (quotation omitted). There is no indication that any of these circumstances exist in this case. Therefore, given the officers' good faith reliance on the search warrant, exclusion of the evidence would not be required even if the subpoena was invalid.

Defendant also requests that the statements he gave to officers be suppressed as inadmissible "fruit" of an unlawful search and seizure. Because the search was valid, the undersigned will recommend that Defendant's request to suppress his statements be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert Rossiter, Jr. that Defendant's Motion to Suppress (Filing No. 22) be denied.

Dated this 29th day of October, 2019.

BY THE COURT:


s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.